UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NICKI LEE HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 21-cv-1220 |
| | ) |
| Warden, FCI Pekin, | ) |
| | ) |
| Respondent. | ) |

### ORDER AND OPINION

**Sara Darrow, Chief U.S. District Judge:**

Before the Court is Petitioner Nicki Lee Hill's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1). Petitioner was released on home confinement pursuant to the CARES Act in June 2020. She claims that her home confinement was revoked without notice in March 2021 and she was eventually returned to prison. Petitioner argues that this violated her due process rights. However, as explained below, because the Court lacks the power to order the Bureau of Prisons to place Petitioner back on home confinement, the Court must DISMISS Petitioner's Petition (d/e 1).

### I.  BACKGROUND

Hill is currently incarcerated at FCI Pekin in Pekin, Illinois, serving an eighty-two month imprisonment sentence imposed by the District Court for the Eastern District of Missouri. *See United States v. Nicki Hill,* No. 17-cr-00418 (E.D. Mo.); Resp. App. (d/e 5). She has a projected release date of March 4, 2023. *See* BOP Inmate Locator https://www.bop.gov/inmateloc/ (last visited January 10, 2022).

The Bureau of Prisons (BOP) transferred Hill from prison to home confinement pursuant to the CARES Act in June 2020. *See* Declaration of Lynn Lyons (Lyons Decl.) ¶ 2 (d/e 4-1); *see also* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat 281, 516 (2020) (authorizing BOP to lengthen maximum period of home confinement under 18 U.S.C. § 3624(c)(2) during the COVID-19 pandemic). The conditions of her home confinement included submitting to urinalysis drug testing, remaining at the designated location or locations, and reporting to the Probation Office as required. Lyons Decl., Att. B (d/e 4-1 at 10). Hill agreed to abide by these conditions and affirmed that she understood that despite her placement in home confinement, that she would "legally remain in the custody of the Bureau of Prisons." *Id.*

Respondent reports that while on home confinement, Hill tested positive for the use of methamphetamine or other amphetamines several times in September, October, and December 2020, and in January and February 2021. Lyons Decl. ¶¶ 3, 4. She also failed to report to the Probation Office a number of times and failed to return home when required. *Id.* ¶ 4. On this basis, the Probation Office asked BOP to terminate Hill's home confinement and return her to prison. *Id.*

Hill reported to a Residential Reenty Center (RRC) in March 2021. Upon arrival at the RRC, Hill again tested positive for amphetamine and methamphetamine. Lyons Decl. ¶ 5. BOP formally disciplined her for drug use and disallowed forty days of good conduct time.[1] *Id.* ¶¶ 5, 7. However, the records show that the decision to return Hill to prison was made prior to this incident and based instead on failing to abide by the home confinement rules. *See* Lyons Decl. ¶ 4, Attachment A (d/e 4-1). Hill was transported to FCI Pekin in April 2021.

---

[1] Hill's Petition does not seek to challenge this discipline hearing and related loss of good conduct time.

Hill filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (d/e 1) on August 9, 2021. She alleges that she was "re-arrested" and transported back to FCI Pekin on April 14, 2021, after "a failed drug screen." *Id*. at 1-4. Hill asserts that her transfer from home confinement to FCI Pekin, the alleged lack of an explanation for that re-imprisonment, and the denial of an opportunity to appeal have denied her rights to due process and created "injustice." *Id*. at 1-6. Respondent filed his response (d/e 4) on September 7, 2021, arguing that the petition should be dismissed for failing to exhaust her administrative remedies and/or should be denied on the merits. After several extension requests, Hill filed her reply (d/e 8) on January 5, 2022.

## II. DISCUSSION

Hill claims to have been abruptly returned to prison without process after being placed on home confinement. The parties do not dispute that Hill may raise such a claim in a § 2241 Petition. *See also Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) ("A § 2241 petition allows us to adjudicate whether the BOP is correctly administering federal sentences that, like Taylor's, are being served in this circuit."). Hill seeks an investigation into why she was returned to prison and to be placed back on home confinement. Respondent's response provided the necessary investigation as to why she was returned to prison: the BOP revoked her placement on home confinement after she tested positive for the use of methamphetamine or other amphetamines several times, failed to report to the Probation Office, and failed to return home. Accordingly, the request for an investigation is now moot. Moreover, her second request, to be placed back on home confinement, is not within the Court's power to grant.

As an initial matter, Respondent argues that Hill's Petition must be dismissed for failure to exhaust. Habeas corpus petitions under 28 U.S.C. § 2241 have no express exhaustion requirements, but "[a] common-law exhaustion rule applies." *Richmond v. Scibana*, 387 F.3d

602, 604 (7th Cir. 2004). Courts generally review a claim by a federal prisoner challenging their sentence computation by the BOP only after they exhaust the BOP's administrative remedy process. *Antonelli v. Gilkey*, 191 F.3d 455 (7th Cir. 1999) ("Though the text of § 2241 does not explicitly require exhaustion, we have determined that in order to be eligible for habeas relief, a federal prisoner generally must exhaust any available administrative remedies."). The BOP's administrative remedy process is set forth in 28 C.F.R. §§ 542.10 – 542.18. An inmate is required to first attempt an informal resolution of her complaint. 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the warden, on a designated form, within twenty days after the complaint arose. Id. § 542.14(a). If the warden denies the inmate's formal request, the inmate may submit an appeal to the appropriate BOP Regional Director within twenty days. *Id*. § 542.15(a). The inmate may, in turn, appeal an adverse decision by the Regional Director to the BOP General Counsel within thirty days. *Id*. An inmate has exhausted the administrative process—and may proceed to court—after receiving a response from the General Counsel or after the passage of twenty days from appealing to the General Counsel. *Id*. § 542.18.

      Here, Hill argues that she has tried to exhaust her administrative remedies. She submitted an "Attempt at Informal Resolution" with staff at FCI Pekin, but her submission dealt primarily with other issues (a request for copies of her prior request forms and a request to change the timing of a meeting with her "unit team," a group of BOP employees assigned to oversee inmates in a given unit). *See* Pet., Ex. 7. She submitted a formal "Request for Administrative Remedy" on the required form eighteen days later, regarding "the reason [she had] been returned to prison," and seeking "all copies of paper work pertaining to [her] re-arrest and reasons for [returning] to prison." *Id*., Ex. 9. But BOP states that it rejected Hill's formal request because it

seemed to cover a different subject than her earlier attempt at informal resolution.  Kerby Decl. ¶ 5 (d/e 4-2).  Hill was given five days to submit a new request, but she never did so.  *Id*.  Nor has she completed the process by appealing to the appropriate BOP Regional Director and the General Counsel.  *See* 28 C.F.R. § 542.15(a).

In her reply, Hill argues that it takes months to get responses from the different levels of the administrative remedy process and she is still awaiting responses.  She expresses frustration that BOP staff could not find the documentation she needed and did not understand how to help her proceed.  She has repeatedly received rejection notices for her appeals and has not been able to figure out how to appeal the decision to revoke her home confinement.  *See* d/e 9.  She also argued in her Petition that she did not know why she was in prison again, so could not file any appeal of any decision because she did not know what had happened.  If Hill was not informed why her home confinement placement was revoked, the Court shares her frustration.  Based on the Respondent's response, it did not need to come as a surprise.  Hill's Petition indicates that she was unclear if the sentencing court had sent her back to prison or some other entity.  She did not seem to understand that she never technically left the legal custody of the BOP.  However, if she was merely seeking information on *why* she was returned to prison, the response to her Petition has given her this information.  Nonetheless, the Court agrees with Hill that if she did not know *why* she was returned to prison it would be difficult to file an administrative remedy request challenging the decision within the allowed time.

Regardless of her exhaustion of administrative remedies, however, her petition has a bigger problem: the Court does not have authority to order the BOP to place Hill back on home confinement.  After a federal defendant is sentenced, the Attorney General has the responsibility of administering an inmates sentence.  *See United States v. Wilson*, 503 U.S. 329, 334-36 (1992)

(citing 18 U.S.C. § 3621(a)). This includes "plenary control" over the location of an inmate's confinement. *Tapia v. United States*, 564 U.S. 319, 331 (2011). The Attorney General has delegated this authority to the BOP. *See* 28 C.F.R. § 0.96. Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Importantly, the statute also provides that "a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b).

The BOP has been granted the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). As a result of the dangers of the COVID-19 pandemic, the CARES Act was passed, permitting the BOP to lengthen the amount of time an inmate can be placed in home confinement. *See* 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2). A placement in home confinement is not a "release" from BOP custody, but rather a form of "prerelease custody." "An inmate in home confinement remains in custody of the Bureau." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Moreover, the statue allowing for prerelease custody makes clear that it does not "limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. § 3624(c)(4).

The decision to place an inmate on home confinement is a discretionary decision guided by the factors listed in 18 U.S.C. § 3621(b), including "the history and characteristics of the prisoner." *See United States v. Massey*, No. 17-CR-30039, 2021 WL 932005, at *3 (C.D. Ill. Mar. 11, 2021). The decision whether to place an inmate in home confinement "rests exclusively with the BOP." *United States v. Thomas*, 857 F. App'x 239 (7th Cir. 2021). And, if an inmate violates a condition of home confinement, the BOP "may . . .revoke the prisoner's prerelease custody and require the prisoner to serve the remainder of the term of imprisonment to which the

prisoner was sentenced, or any portion thereof, in prison. If the violation is nontechnical in nature, the Director of the Bureau of Prisons shall revoke the prisoner's prerelease custody." 18 U.S.C.A. § 3624(g)(5).

Here, Hill is not contesting the decision to place her on home detention, but rather, the decision to revoke her home detention. However, as the Eleventh Circuit explains, "[j]ust as the BOP has the authority to release prisoners to home confinement, so too does it have the power to revoke that release." *Touizer v. U.S. Att'y Gen.,* No. 21-10761, 2021 WL 3829618, at *1 (11th Cir. Aug. 27, 2021) (*citing* 18 U.S.C. § 3624(g)(5)). Now that Hill is back in prison, the Court is without authority to order her re-placement on home confinement. In reply, Petitioner argues, in essence, that the BOP's decision to revoke her placement in home confinement was a bad one. She believes she is a "perfect candidate for the CARES Act." However, whatever the merits of Hill's request to be placed back on home confinement, the decision to do so lies exclusively with the BOP. Because the Court is unable to grant the requested relief, her Petition must be dismissed.

### III.  CONCLUSION

For the reasons stated above, Petitioner Nicki Lee Hill's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (d/e1) is DISMISSED. Petitioner's Motion to Add Exhibits (d/e 9) is GRANTED to the extent that the Court considered the exhibits in reaching its ruling. This case is CLOSED. The Clerk of the Court is DIRECTED to prepare the Judgment.

Signed on this 10th day of March 2022.

/s/ Sara Darrow
Sara Darrow
Chief United States District Judge

## NOTICE

Petitioner is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). Because Petitioner is incarcerated pursuant to a federal court judgment and is not proceeding under 28 U.S.C. § 2255, no certificate of appealability is necessary prior to seeking an appeal.